Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7240

BILL PARKER, JR.,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

Bill Parker, Jr., of Battle Creek, Michigan, pro se.

Michael N. O'Connell, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Deputy Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Tracey P. Warren, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7240

BILL PARKER, JR.,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: November 9, 2007

_____

Before MAYER, BRYSON, <u>Circuit Judges</u>, and FOGEL, <u>District Judge</u>.[*]

PER CURIAM.

### DECISION

Appellant Bill Parker, Jr., appeals from the decision of the Court of Veterans Claims ("the Veterans Court"), No. 04-1588, in which that court affirmed a decision of the Board of Veterans' Appeals denying him a disability rating in excess of 30 percent

---

[*] Honorable Jeremy Fogel, District Judge, United States District Court for the Northern District of California, sitting by designation.

for headaches.  We <u>dismiss</u> the appeal because it falls outside our statutory jurisdiction under 38 U.S.C. § 7292 to review actions of the Veterans Court.

## BACKGROUND

Mr. Parker served on active duty with the armed services from October 1977 to October 1980 and from May 1981 to December 1986.  After Mr. Parker filed a claim for disability benefits from the Department of Veterans Affairs ("DVA"), a DVA regional office granted him service-connection for headaches secondary to hypertension and rated his condition as 10 percent disabling, effective as of June 1995.  On his appeal from that decision, the Board of Veterans' Appeals granted him an earlier effective date of July 25, 1994, but denied his claim for a disability rating of more than 10 percent.  Mr. Parker appealed the rating to the Veterans Court, which remanded the case to the Board for further consideration.  The Board in turn remanded the case to the regional office for further development of Mr. Parker's claim.  On remand, the regional office increased Mr. Parker's disability rating to 30 percent.  Mr. Parker again appealed to the Board of Veterans' Appeals, contending that the disability rating should be increased to 50 percent.  The Board weighed the evidence of record and held that he was not entitled to a disability rating of 50 percent.  Mr. Parker then appealed to the Veterans Court.  In a one-judge decision, the Veterans Court affirmed, holding that the Board had not committed clear error in finding that Mr. Parker was not entitled to a 50 percent disability rating.  Mr. Parker now appeals to this court.

## DISCUSSION

Mr. Parker renews his claim that he should be granted a disability rating of 50 percent.  His claim on that score, however, is essentially factual in nature, and except to

the extent that an appeal involves a constitutional issue, this court does not have jurisdiction to address a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d). We therefore lack jurisdiction to review the lengthy factual analysis by the Board of Veterans' Appeals or the decision of the Veterans Court holding that the Board's conclusion as to the proper disability rating was not clearly erroneous.

Although this court has jurisdiction to consider constitutional claims and factual issues that arise in connection with such claims, Mr. Parker acknowledges in his opening informal brief that his appeal does not raise a constitutional issue. While he asserts in his reply brief that his challenge to his disability rating "does present a constitutional issue from the Veterans Court decision," he does not identify the constitutional issue that is raised by his appeal nor does he develop any constitutional claim in his brief. Merely asserting that a constitutional issue is raised by an appeal is not sufficient to give this court jurisdiction over the appeal. See Helfer v. West, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (appellate court lacks jurisdiction over claims that are "constitutional in name only"; appellant's characterization of a question as constitutional in nature "does not confer upon us jurisdiction that we otherwise lack").

Mr. Parker also contends that his retained counsel, who represented him for a period of time before the Veterans Court, "misrepresented" his case and that his error of judgment "caused a problem" in Mr. Parker's case. In that connection, he contends that the Veterans Court "should have granted me a full court," an apparent reference to the court's denial of his counsel's motion for a panel decision in the case, which had been assigned for disposition by a single judge.

While Mr. Parker has not expanded upon the prejudice that he claims was caused to his case by any error on his counsel's part, the Veterans Court's decision to assign the case to a single judge for disposition is both authorized by statute, see 38 U.S.C. § 7254(b), and is within that court's discretion in conducting its reviewing function, see Frankel v. Derwinski, 1 Vet. App. 23 (1990). Nor is there any free-standing entitlement to a decision by more than one judge except as specifically provided by statute, a condition not satisfied here. See Davis v. Kissenger, No. Civ. S-04-0878 GEBDADP, 2006 WL 4030733 (E.D. Cal. July 13, 2006); Lyons v. Gordon, No. Civ. A. 05-00870 RMC, 2006 WL 241230 at 4 n.6 (D.D.C. Feb. 1, 2006). Because we lack jurisdiction to address Mr. Parker's claims, we dismiss the appeal.